**IN THE COURT OF APPEALS OF IOWA**

No. 16-0716
Filed July 27, 2016

**IN THE INTEREST OF S.W.,**
**Minor child,**

**R.D., Mother,**
        Appellant,

**S.W., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette L.

Boehlje, District Associate Judge.


        A mother and father separately appeal the termination of their parental

rights.  **AFFIRMED.**


        Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for

appellant mother.

        Maury J. Noonan of Pappajohn, Shriver, Eide & Nielsen P.C., Mason City,

for appellant father.

        Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant

Attorney General, for appellee State.

        Crystal L. Ely of North Iowa Youth Law Center, Mason City, for minor

child.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to the child, S.W. The mother claims there is not clear and convincing evidence to support the termination of her parental rights, the State did not make reasonable efforts in assisting her to work toward reunification, and the juvenile court improperly removed the child when the mother was seventeen years old. Both parties separately claim the termination is not in the best interests of the child and termination is improper due to the closeness of the parent/child relationship. We affirm the juvenile court's ruling.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights; we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

**A.      Error Preservation**

The State claims the mother has not preserved error on her claims concerning clear and convincing evidence, reasonable efforts, or her age at the time of the removal. See *In re A.B.,* 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to [child in need of assistance] and termination of parental rights cases."). Upon our review of the record, we find the district court ruled on the clear-and-convincing-evidence claim and it is therefore preserved. Likewise, the mother

adequately raised the reasonable-efforts issue at prior proceedings and the court ruled on the issue at the termination proceeding. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (noting parents have an "obligation to demand other, different, or additional services prior to a permanency or termination hearing"). We find the mother has not preserved error on her claim concerning her age at the time of the temporary removal hearing in August 2015, since she raised this issue for the first time on appeal.

**B.     Grounds for Termination**

The juvenile court terminated the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). Termination is appropriate under section 232.116(1)(h) where the State proves the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(h). The father has not addressed this issue on appeal; therefore we find the juvenile court properly terminated his parental rights pursuant to section 232.116(1)(h).

The mother only contests the fourth element, arguing the State failed to prove by clear and convincing evidence that the child cannot be returned to her custody. On this point, the juvenile court reasoned:

> There exists clear and convincing evidence that the child cannot at the present time be returned to the custody of [either parent] as

provided in Iowa Code section 232.102.  A child cannot be returned when any of the grounds for adjudicating the child a child in need of assistance as set forth in section 232.2(6) is proven.  *In Interest of B.K.J., Jr.*, 483 N.W.2d 608, 610 (Iowa Ct. App. 1992).  The threat of probable harm will justify termination of parental rights, and the perceived harm need not be the one that supported the child's initial removal from the home.  *In Interest of M.M.*, 483 N.W.2d 812, 814 (Iowa 1992).  There exists clear and convincing evidence that returning the [parent's custody] would subject the child to adjudicatory harm because the child: has been or is imminently likely to suffer harmful effects as a result of [the parent's] failure to exercise a reasonable degree of care in supervising the child; . . . [the child] has not received adequate care due to [the parent's] mental capacity or condition, imprisonment, or drug or alcohol abuse.

Upon our de novo review, we agree with the district court and find clear and convincing evidence the child could not be returned to the mother's custody at the time of the termination proceeding.

## C.  Reasonable Efforts

The mother claims the juvenile court improperly denied her "motion requesting a finding of lack of reasonable efforts," and, due to the State's improper reduction in her visitation time, she should be granted an additional six months to work toward reunification.

The reasonable efforts requirement is not viewed as a strict substantive requirement of termination.  *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).  Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts.  *Id.*  The State must show it made reasonable efforts as part of its proof the child cannot be safely returned to the parents' care.  *Id.*  While the State has an obligation to make reasonable efforts, it is the parents' responsibility to demand services if they are not offered.  *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997).

Upon our review of the record, we find the juvenile court properly denied the mother's motion and request for additional time. The court reasoned:

> More time will not be granted. Both parents have significant criminal charges to address, including probation revocations. It is not clear when either will be out of custody. [The father] apparently violated his probation at the half-way house by lying about his furlough residence by claiming [the mother's] sister, was his sister. [The mother] was residing at the home at the time and a no-contact order is in place between [the mother and father], due to the domestic assault charge. He was likely having contact with [the mother], and it is unclear what sanction, if any, will be taken for his dishonesty and deception. It is also unknown what will happen with [the father's] probation revocation.
>
> Meanwhile, while [the child's] parents continue to work on remaining law abiding, [the child] is growing up. He is bonding to his foster family. He is learning to walk and talk.
>
> In this case the Department has provided FSRP services, substance abuse treatment, mental health treatment, family foster care, visitation, drug testing. These are reasonable efforts toward reunification.

We agree with the juvenile court and find the State made reasonable efforts and affirm the court's denial of the mother's request for additional time.

**D.      Best Interests and the Parent-Child Bond**

Both parents claim termination is not in the best interests of the child, and the closeness of the parent-child bond makes termination improper. *See* Iowa Code § 232.116(2), (3). In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 37. On these issues, the juvenile court reasoned:

> [T]he child's safety, and best opportunity for furthering the child's long-term nurturing and growth, as well as the physical, mental and emotional condition and needs of the child support

termination of parental rights. [The child] is one year old. He has spent the majority of his life in family foster care.

He is bonded to his parents, but spends only 7.5 hours of his week in their care, which is always supervised.

He recognizes [the mother] and interacts with her and is developing a bond with his father.

Neither parent has made significant strides in this matter toward reunification. Both have major issues to address, including incarceration. It is unclear when either parent will be able to be out of state custody and work on housing, substance abuse issues or parenting skills.

[The child] continues to grow up. He cannot press pause and wait for his parents to mature, stop committing crimes and be available for him. He needs permanency now, not in some distant future, which may or may not occur depending on if his parents get things together.

. . . .

[The child] is bonded with his parents. This bond does not cure or fix any of the problems identified. [The child] spends most of his time with the foster family, not his parents due to their incarceration and their ongoing un-resolved problems (housing, employment, narcolepsy, drug use, mental health, parenting
skill deficits).

Any sadness the child may experience because of termination does not overcome the likely long-term hardship and neglect the child will suffer if in the [parent's care]. The Court simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination. Despite any fondness or love between the parents and the child, it is not in the child's best interest to wait any longer for permanency. *See In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (noting children "simply cannot wait for responsible parenting").

Taking into account all of the facts and these possible exceptions there is no reason to believe the child will be disadvantaged by the termination.

We agree with the juvenile court and find termination is in the child's best

interests and an exception should not be made due to the parent-child bond.

We affirm the termination of the mother's and the father's parental rights.

**AFFIRMED.**